UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT NOEL,

       Plaintiff,                           No. 13-10533

v.                                      District Judge Bernard A. Friedman
                                             Magistrate Judge R. Steven Whalen

ANDREW CARLSON, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Robert Noel, a prison inmate in federal custody at FCI Elkton in Lisbon, Ohio, has filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging violation of his Fourth Amendment rights by Officers of the Saginaw, Michigan Police Department. He filed an amended complaint on June 24, 2013 [Doc. #16].[1] Before the Court are Defendants' Motion to Dismiss [Doc. #14] and Renewed Motion to Dismiss [Doc. #17],

---

[1] Plaintiff did not seek leave of the Court to file an amended complaint, as required by Fed.R.Civ.P. 15. The amended complaint is not substantially different from the original complaint. In any event, Defendants have chosen to respond to the amended complaint by way of a Rule 12(B)(6) motion, rather than moving to strike. I will therefore simply recommend, based on the discussion herein, that both complaints be dismissed in their entirety.

–1–

which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the Motions be GRANTED and that the case be DISMISSED WITH PREJUDICE.

## I. FACTS

Plaintiff alleges that on August 21, 2008, a Saginaw 911 operator received a call from someone who identified herself as Shari Davis, who was waiting at the corner of Brown and McCosky Streets.  The caller stated that Robert Noel, who was armed with a 9 mm gun and a shotgun, had threatened her. She said that she was trying to get some clothes out of the house, but Noel was "crazy," and she feared for her life. *Amended Complaint* [Doc. #16], ¶¶ 7-10.

A number of facts set forth in Plaintiff's Amended Complaint are taken in large part from the police report of Defendant Steven Gass, a Saginaw Police Officer.[2] Officer Gass was dispatched to the scene for a "family trouble assault," and encountered the victim, who identified herself as Tracie Alexander-Grissom, not Shari Davis.  Ms. Alexander Grissom was waiting at the corner, and said that Plaintiff was still in the house at 1123 Brown Street.  She said that Plaintiff was her boyfriend.  They had an argument,

---

[2] Officer Gass' report is appended to Defendants' Amended Motion [Doc. #17] as Exhibit 1.

and Plaintiff punched her on the right side of her head, pulled out a black 9 mm handgun, and threatened to shoot her. She said that as she was calling the police, Plaintiff purportedly said, "Mother fuck the police, I ain't scared of them." She told Officer Gass that Plaintiff was inside the house alone and that he also had a shotgun.

Sgt. Dutoi and other officers responded to assist. Dutoi contacted the Plaintiff by telephone. Plaintiff told the Officer that Alexander-Grissom was lying, and that he never hit her. *Amended Complaint*, ¶¶ 34-35.3 At about 8:55 a.m., Plaintiff walked out of the house and got on a bicycle. He was arrested without incident. Plaintiff alleges that when he was driven by his house in the patrol car, the police were "trying to break down the door to enter." *Id.*, ¶ 39.

Officer Gass' report indicates that after Plaintiff withheld consent to search his home, Detective Carlson obtained a search warrant from Judge Tarrant, seeking firearms, ammunition and residency documents. When the warrant was executed at 11:35 a.m., the officers forced open a secured door. A shotgun, rifle, and handgun, along with ammunition, were seized.

The search warrant and affidavit are appended to the Amended Complaint. In the affidavit, Det. Carlson stated as follows:

---

[3] Plaintiff alleges that he talked to Gass on the telephone. Gass' report states that it was Officer Dutoi who made the call.

> "I have been assigned to investigate an assault with a gun case regarding an incident that occurred on 1123 Brown Street. I was informed that on 8/21/08 Saginaw Police Officers received a dispatch call at 817 hours to 1123 Brown Street, City of Saginaw, County of Saginaw, to meet with complainant Tracie Lynette Alexander-Grisson outside of the residence. Ms. Grissom informed the officers that Robert Dyane Noel had pointed a handgun at her while they were inside of the residence and made threats to kill her. Robert Noel also told Ms. Grissom if police were contacted, he would kill the police. While conducting the interview of Ms. Grissom Robert Noel exited the residence and responding officers took him into custody. Robert Noel's person was searched and no gun was located.

State charges against Plaintiff were ultimately dismissed; however, he was charged with and convicted in federal court with being a felon in possession of a firearm.

Plaintiff now claims that the search of his house was done in violation of the Fourth Amendment. He claims that prior to seeking a warrant, Det. Carlson had a duty to investigate the discrepancy between the 911 caller having identified herself as Shari Davis and the person at the scene having identified herself as Tracie Alexander-Grissom. He claims that Carlson's search warrant affidavit "was not supported by [o]ath and affirmation." *Amended Complaint*, ¶ 72. He alleges that Carlson "knowingly and deliberately with reckless disregard for the truth, made statements and omission[s] that were material to the finding of probable cause," and that the affidavit failed to establish probable cause. *Id*. ¶¶ 85-86. In addition to the alleged Fourth Amendment violation, Plaintiff brings an apparent state law claim of willful and wanton misconduct against

–4–

Carlson. *Id*. ¶ 89.

Plaintiff also brings a Fourth Amendment claim against Officers Gass, Revard, Dutoi, Kuhn, and Wortley, who were present during the search. *Id*. ¶¶ 90-91, and a gross negligence claim against Gass. *Id*. ¶ 92.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)).  Second, the facts that are pled must show a "plausible" claim for relief. *Id*.

### III.   DISCUSSION

The Fourth Amendment requires that a search warrant issue only upon a finding of probable cause, which is defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "This 'practical, common-sense decision' must be made based on 'all the circumstances set forth in the affidavit' provided by the officers seeking a warrant." *United States v. Hodge*,  714 F.3d 380, 384 (6th Cir. 2013)(quoting *Illinois v. Gates*).

In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the Supreme Court held that a search warrant is invalid when the supporting affidavit contains a statement, necessary to the finding of probable cause, that is later demonstrated to be false and included by an affiant knowingly and intentionally, or with a reckless disregard for the truth. "*Franks* also extends to circumstances in which an officer omits evidence in a search-warrant affidavit that is critical to determining the existence of probable cause." *United States v. Duval*, __ F.3d__, 2014 WL 486210, *3 (6th Cir. 2014), citing *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir.2004) (en banc)( "[T]his court has recognized that material omissions [from an affidavit] are not immune from inquiry under Franks."). The Court in *Carpenter* also held that "to be constitutionally problematic, the material must have been deliberately or recklessly omitted and must have undermined the showing of probable

cause." Id. at 596–97.

Plaintiff argues that Det. Carlson misled Judge Tarrant by omitting the fact that someone identifying herself as Shari Davis made the 911 call, but the complainant at the scene was named Tracie Alexander-Grissom. He also claims that Alexander-Grissom lied, and that Carlson had a duty to further investigate. There are a least two fundamental problems with this theory. First, there is no allegation or showing that Officer Gass, who was dispatched to the scene, had been informed of or was aware of the complainant's name. He knew there was a domestic violence call by a woman who was outside the house where the incident allegedly occurred. Once he encountered the woman–whatever her name was–she told him what happened, including the Plaintiff's name and address. At that point, Det. Carlson was not at the scene. When he was contacted later, Officer Gass apprised him of what had happened, including information he had obtained from Ms. Alexander-Grissom. It is not plausible that Gass would have told Carlson that the original 911 caller used a different name from Ms. Alexander-Grissom, a fact that Gass would not even have been aware of. Thus, there is no plausible showing that Carlson knowingly, deliberately, or recklessly omitted material information from his affidavit.

Secondly, the fact that the caller may have used a different name had no bearing on the ultimate probable cause determination. In other words, that particular fact was not

material, and did not undermine the judge's finding of probable cause. *Carpenter, supra*. Probable cause to believe that Plaintiff had committed an assault with a firearm, and that firearms would be found in the premises, was established through the direct, personal observations of the victim of the assault, who was directly interviewed at the scene by Officer Gass. The general rules of assessing the credibility and reliability of unnamed informants do not apply to eyewitnesses of victims of crime who relay personal observations to the police. *See United States v. Sharkey*, 2004 WL 2633447, *3 (6th Cir. 2004), citing *United States v. Swihart*, 554 F.2d 264 (6th Cir.1977)((holding that when the informant who provides the basis for an affidavit is an identified, non-professional who is the victim of crime, the credibility determination is less stringent because of the circumstances). Ultimately, the credibility determination is entrusted to the judge to whom the search warrant request is made. In this case, the affidavit contained more than sufficient credible facts to show probable cause.

As to the other Officers who assisted in executing the search warrant, they were entitled to rely on the warrant that was duly issued by Judge Tarrant. *See Yancey v. Carroll County*, 876 F.2d 1238, 1243 (6th Cir. 1989)(officers entitled to immunity where they rely on a facially valid search warrant "unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable");

*Davison v. Frey*, 837 F.Supp. 235, 240 (E.D. Mich. 1993)("[F]or purposes of 1983 immunity, an officer is entitled to assume the validity of a search warrant secured by fellow officers").

In short, Det. Carlson presented a valid affidavit, based on the personal observations of a crime victim, that adequately supported the issuance of the search warrant. There was no Fourth Amendment violation, nor was there any "gross negligence" or "willful and wanton misconduct" on the part of these officers. The Motion to Dismiss should be granted.

### IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Doc. #14] and Renewed Motion to Dismiss [Doc. #17] be GRANTED, and that the case be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with

specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 18, 2014        R. STEVEN WHALEN
                                UNITED STATES MAGISTRATE JUDGE


I hereby certify that the foregoing document was sent to parties of record on February 18, 2014, electronically, and/or by U.S. mail.

                                s/Michael Williams
                                Case Manager to the
                                Honorable R. Steven Whalen